**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-80984-CIV-RYSKAMP/VITUNAC

DONNIE DOBSON and JEANETTE
DOBSON,

       Plaintiffs,

v.

MATRIXX INITIATIVES, INC., a
Delaware corporation, ZICAM, LLC, an
Arizona Limited Liability Company, and
WALGREEN CO., an Illinois corporation,

       Defendants.

_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO LIMIT PLAINTIFFS' EXPERT'S
DEPOSITION FEE</u>**

THIS CAUSE comes before the Court pursuant Defendants' Motion to Limit Plaintiffs'
Expert's Deposition Fee, filed February 5, 2007 **[DE 34]**.  Plaintiffs did not respond.  This
motion is ripe for adjudication.

Plaintiffs bring this products liability action alleging that Plaintiff Donnie Dobson's
alleged use of Zicam Cold Remedy Drip Liquid Nasal Gel, an over-the-counter cold product sold
by Matrixx Initiatives, Inc. and its wholly owned subsidiary Zicam, LLC, impaired his sense of
smell and taste.  Plaintiffs have identified Alan Hirsch, M.D. ("Dr. Hirsch") as their causation

and damage expert.  Dr. Hirsch has set his deposition fee at $1,450 for the first hour and $1,082 for every subsequent hour.  Defendants request that the Court reduce the deposition rate to no more than $500 per hour.

Pursuant to Fed. R. Civ. P. 26(b)(4)(C), a party seeking discovery generally must pay the costs of an expert's deposition testimony.  Where the expert proposes to charge an unreasonable fee, however, the court may limit the amount the expert may charge.  What constitutes a "reasonable fee" lies within the Court's sound discretion.  "[T]he Court is compelled to enforce the Federal Rules of Civil Procedure and to order that only a reasonable fee be paid as part of the court's obligation 'to patrol the battlefield to insure fairness' and to eliminate 'extortionate fee setting.'" Edin v. The Paul Revere Life Insurance Co., 188 F.R.D. 543, 547 (D. Ariz. 1999) (quoting Anthony v. Abbott Laboratories, 106 F.R.D. 461, 465 (D. R.I. 1985)).  See also Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 497 (S.D. Iowa 1992) (noting the "continuing escalation of expert witness fees and all-too-frequent attitude of experts that their fees should be set at the maximum-the-traffic-will-bear").  Common factors courts consider in evaluating the reasonableness of expert deposition fees include (1) the witness's area of expertise; (2) the education and training required to provide the expert's insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26.  See Edin, 188 F.R.D. at 546 (citations omitted).

The Court has concluded that Dr. Hirsch's deposition fee is unreasonable.  Although Dr.

Hirsch is board certified in neurology and psychiatry, he did not treat Plaintiff for psychiatric issues.  Nor does a review of his curriculum vitae indicate that his education and training are such that he has developed any particular insight or is so preeminent in his field that such a high fee is warranted.  See Hose v. Chicago and North Wester Transp. Co., 154 F.R.D. 222, 225 (S. D. Iowa 1994) (expert witness not sufficiently preeminent to warrant requested fee).

Dr. Hirsch's proposed fee also bears no relationship to the amount he charges patients in his clinical practice.  The Anthony court noted that at a deposition rate of $420 per hour, the expert would earn $840,000 annually working 40 hours a week, 50 hours a year.  While the expert "may well be a genius in his field...this court cannot find that even so important and prestigious a profession as medicine has a right to command such exorbitant rewards.... there must be some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." Anthony, 16 F.R.D. at 464.  See also Hose, 154 F.R.D. at 227 n.13 (expert's requested fee of $800 per hour, which, when annualized, would earn him $437,600, deemed unreasonable).  When similarly annualized, Dr. Hirsch would earn over $2 million per year, when physician salary surveys indicate that the average yearly compensation for a neurologist ranges from $171,000 -$345,000.  Psychiatry averages $153,000-$238,000.  (Exhibit C).

Dr. Hirsch's deposition fee is several times the amount that has been allowed in reported cases Defendants cited in their motion.  Significantly, Defendants' experts all charge between 250 and $500 per hour.  Based on the foregoing, is hereby

ORDERED AND ADJUDGED that the Motion to Limit Plaintiff's' Expert's Deposition Fee, filed February 5, 2007 **[DE 34]** is GRANTED.  Dr. Hirsch's deposition fee is hereby

4

reduced to $500 per hour.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 20th day of

March, 2007.

Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE